IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STANLEY M. GRAHAM, #153 494, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO.:  2:13-CV-438-WHA |
|  | ) [WO] |
| CORIZON MEDICAL SERVICES, *et al.*, | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Stanley Graham, is a state inmate incarcerated at the Kilby Correctional Facility located in Mt. Meigs, Alabama. He files this 42 U.S.C. § 1983 action challenging the provision of medical care and treatment he received at the Frank Lee and Staton Correctional Facilities in January and February of this year. Among the named defendants are the Alabama Department of Corrections ["ADOC"] and its Legal Division. Upon review of the complaint, the court concludes that Plaintiff's complaint against the ADOC and the ADOC Legal Division is subject to dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have her complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

The Alabama Department of Corrections and its Legal Division are not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). Thus, Plaintiff's claims against the ADOC and the ADOC Legal Division are "based on an indisputably meritless legal theory," and are, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the Alabama Department of Corrections and the Alabama Department of Corrections Legal Division be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i);

2. The Alabama Department of Corrections and the Alabama Department of Corrections Legal Division be DISMISSED as parties to this cause of action; and

3. This case with respect to Plaintiff's claims against the remaining defendants be referred back to the undersigned for further proceedings.

It is further

ORDERED that on or before **September 26, 2013** Plaintiff may file an objection to

the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 12th day of September, 2013.

                                        /s/Charles S. Coody
                                        CHARLES S. COODY
                                        UNITED STATES MAGISTRATE JUDGE